B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> ANTHONY S. NOVAK, TRUSTEE | **DEFENDANTS** <br> HPC FOODSERVICE fka Hartford Provision Company |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Novak Law Office, P.C. <br> 280 Adams Street, Manchester, CT 06040 <br> Tel: 860-432-7710 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor    ☐ Other <br> ☒ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor    ☒ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint brought pursuant to 11 USC Sec. 547 regarding avoidance of a preference

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☒ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 56000 |

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR SPECTRUM HEALTHCARE WINSTED, LLC | BANKRUPTCY CASE NO. 12-22111 (asd) | |
| DISTRICT IN WHICH CASE IS PENDING Connecticut | DIVISION OFFICE Hartford | NAME OF JUDGE Dabrowski |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE 9/9/14 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) Anthony S. Novak, Esq. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE : | |
| SPECTRUM HEALTHCARE WINSTED, LLC : | CHAPTER 7 |
| Debtor : | CASE NO. 12-22211(asd) |
| ANTHONY S. NOVAK, TRUSTEE : | |
| Plaintiff : | ADV. PRO. NO._____ |
| vs. : | |
| HPC FOODSERVICE fka : | SEPTEMBER 9, 2014 |
| HARTFORD PROVISION COMPANY : | |
| Defendant : | |

## COMPLAINT FOR TURNOVER PURSUANT TO 11 U.S.C. §547

I. **Introduction**

1.  On or about September 10, 2012, the debtor, Spectrum Healthcare Winsted, LLC (hereinafter referred to as the "Debtor"), filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code. The case was subsequently converted to a Chapter 7 on May 30, 2013.

2.  The plaintiff, Anthony S. Novak, was appointed the Chapter 7 Trustee on or about May 30, 2013 (hereinafter referred to as the "Trustee" or "Plaintiff").

3.  Upon information and belief, the Defendant is a company with a business address of P.O. Box 150473, Hartford,

1

CT 06115 and/or Attorney Denise Polivy, Esq., O'Sullivan, McCormack Jensen & Bliss, PC, Putnam Park, 100 Great Meadow Road, Wethersfield, CT 06109.

4. This adversary proceeding arises in and relates to the Chapter 7 case of the Debtor which is now pending in the District of Connecticut.

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §157, 28 U.S.C. §1334 and 11 U.S.C. §542.

6. This matter is a core proceeding pursuant to 28 U.S.C. §157.

7. Venue over this action resides in this Court pursuant to 28 U.S.C. §1409.

II. **Count One - Avoidance of Preference Payment pursuant to 11 U.S.C. §547**

1-7. Paragraphs 1-7 of the Introduction are hereby incorporated as Paragraphs 1-7 of Count One as if set forth in full.

8. A review of the Debtor's financial records indicate that a total of Fifty Five Thousand Nine Hundred Eighty One Dollars and 83/100ths ($55,981.83) was paid within ninety

2

(90) days of the Debtor's filing of bankruptcy to the Defendant on account of an antecedent debt owed to Defendant.

9. The payments were made to or for the benefit of the Defendant.

10. The payments were for or on account of an antecedent debt owed by the Debtor to the Defendant before the payments were made.

11. The payments were made while the Debtor was insolvent.

12. The payments made to Defendant were made within ninety (90) days before the filing of the voluntary bankruptcy petition.

13. The payments enabled the Defendant to receive more than such creditor would receive if this case were a case under Chapter 7 of Title 11 of the United States Code, the payments had not been made, and the Defendant received payment of such debt to the extent provided by the provisions of Title 11.

14. The Trustee is entitled to recover the funds or interest transferred to the Defendant pursuant to 11 U.S.C. §547 of the Bankruptcy Code.

15. The Trustee has made demands upon the Defendant for turnover of said funds but despite demand, the Defendant has failed, refused or neglected to turnover the same.

WHEREFORE, the Plaintiff prays that this Court enter an order:

    a. Avoiding the payments made as preferential payments;

    b. In the alternative, enter a judgment against the Defendant in an amount equal to the value of the obligation;

    c. Awarding costs; and

    d. Such other and further relief as this court deems just and equitable.

                      ANTHONY S. NOVAK, TRUSTEE
                      Plaintiff

              By /s/ *Anthony S. Novak*
                  Anthony S. Novak, Esq.
                  Fed. Bar #ct09074
                  Novak Law Office, P.C.
                  280 Adams Street
                  Manchester, CT 06042-1975
                  Tel: 860-432-7710
                  Email: anthonysnovak@aol.com